**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>POLISHED.COM INC., *et al*.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-10353 (TMH)<br><br>(Jointly Administered) |
| George L. Miller, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al*.,<br><br>Plaintiff,<br><br>vs.<br><br>MG Home Solutions LLC,<br><br>Defendant. | Adv. Pro. No. 26-50208 (TMH)<br><br><br><br><br>**Re: Adv. D.I. 1** |

**ANSWER AND AFFIRMATIVE DEFENSES BY MG HOME SOLUTIONS LLC TO**
**COMPLAINT FOR AVOIDANCE AND RECOVERY OF**
**PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

MG Home Solutions LLC ("Defendant"), by and through its undersigned, hereby submits its answer and affirmative defenses to the complaint [D.I. 1]  (the "Complaint") filed by George L. Miller, in his capacity as Chapter 7 Trustee of POLISHED.COM INC., *et al.* (the "Plaintiff"), seeking avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547 & 550, and states as follows:

**BACKGROUND**

1.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint which are therefore denied.

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are: Polished.com Inc. (3938); 1 Stop Electronics Center, Inc. (9485); AC Gallery Inc. (3629); Appliances Connection Inc. (8366); Gold Coast Appliances, Inc. (1575); Joe's Appliances LLC (8354); Superior Deals Inc. (0096); and YF Logistics LLC (8373).

{00041127.2 }

**THE PARTIES**

2.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint which are therefore denied.

3.      Defendant admits that its principal office address is 100 Illinois Street, Suite 200, St. Charles, IL 60174 but denies the remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

4.      Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

5.      Defendant admits that proceedings to determine, avoid or recover transfers pursuant to §§ 547 and/or 550 of the Bankruptcy Code are denominated "core proceedings" pursuant to 28 U.S.C. § 157(b).  To that extent Plaintiff seeks to assert other causes of action (other than those arising under title 11 set forth in the immediately previous sentence), it is otherwise determined that any Count of this adversary proceeding is non-core, or if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, Defendant does not consent to the entry of final orders or judgments by the Court..

6.      Paragraph 6 of the Complaint contains conclusions of law to which no response is required.

7.      Paragraph 7 of the Complaint contains conclusions of law to which no response is required.

**BASIS FOR RELIEF REQUESTED**

8.      Paragraph 8 of the Complaint sets forth the nature of the case to which no response is required.  To the extent a response is required, the allegations are denied.

2

## FACTS

9.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint which are therefore denied.

10.  Defendant admits only that it is a counterparty to certain agreements. However, Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in the rest of paragraph 10 of the Complaint, which are therefore denied, and refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden.

11.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint, which are therefore denied except admits only, subject to its affirmative defenses, that Defendant may have received certain transfers during the Preference Period. Defendant refers to Exhibit A to the Complaint for its content and meaning, if any, and leaves Plaintiff to its burden

12.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint which are therefore denied.

13.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint which are therefore denied.

14.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint which are therefore denied. Also, Paragraph 14 of the Complaint contains conclusions of law to which no response is required.

15.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint which are therefore denied.

16.     Defendant admits that it received a demand letter from Plaintiff. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations contained in paragraph 16 of the Complaint which are therefore denied.

## FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

17.     Defendant incorporates by reference its answers to the Complaint as set forth in paragraphs 1-16 hereof.

18.     Subject to its affirmative defenses, Defendant admits that it received certain Transfers from the Debtor during the 90 days prior to the Petition Date and leaves Plaintiff to its burden.

19.     Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied except Defendant admits only that it sold goods/services to the Debtor.

21.     Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied except Defendant admits only that it sold goods/services to the Debtor.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

23.     Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

24.     Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4

4923-4479-9142, v. 2

25.     Subject to its affirmative defenses, Defendant admits that it has not paid the estate and leaves Plaintiff to its burden.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## SECOND CLAIM FOR RELIEF
### (For Recovery of Property -- 11 U.S.C. § 550)

27.     Defendant incorporates by reference the answers to the Complaint as set forth in paragraphs 1-26 hereof.

28.     Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

29.     Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Ordinary Course of Business under 11 U.S.C. § 547(c)(2))

To the extent any of the Transfers were received by the Defendant, each was in payment of a debt incurred by the transferring Debtor in the ordinary course of business or financial affairs of the Debtor and the Defendant, and such transfer was--

(A) made in the ordinary course of business or financial affairs of the transferring Debtor and the Defendant, or

(B) made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE
### (Subsequent New Value under 11 U.S.C. § 547(c)(4))

5

4923-4479-9142, v. 2

To the extent any of the Transfers were received by the Defendant, then, after each such Transfer, Defendant gave new value to or for the benefit of the transferring Debtor--

(A) not secured by an otherwise unavoidable security interest, and

(B) on account of which new value the transferring Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### (Contemporaneous Exchange for New Value)

To the extent that each Transfer alleged in the Complaint is found to have been made to Defendant, each such Transfer is not a voidable preference to the extent such Transfer was, pursuant to 11 U.S.C. § 547(c)(1), a contemporaneous exchange for new value given to the transferring Debtor, and the Transfers were, in fact, a substantially contemporaneous exchange.

### FIFTH AFFIRMATIVE DEFENSE
### (Solvency)

The Debtor was solvent at all times relevant hereto.

### SIXTH AFFIRMATIVE DEFENSE
### (Additional Defenses and/or Counterclaims)

Defendant has insufficient knowledge or information upon which to form a belief as to whether it may have, as yet unstated, additional defenses.  Defendant reserves its right to assert such additional defenses in the event discovery indicates that Defendant possesses such defenses.

### GENERAL STATEMENTS

To the extent that any allegations in the Complaint or other aspects of the Complaint were not responded to fully above, such allegations and aspects are expressly denied by Defendant.

The assertion of affirmative defenses herein by Defendant is not intended to, and does not, alter or shift any burden of proof that the Plaintiff may have in connection with its claims.

6

4923-4479-9142, v. 2

**WHEREFORE,** Defendant requests that the Court (1) enter judgment in favor of Defendant and against the Plaintiff on all claims asserted by the Plaintiff, (2) dismiss the Complaint in its entirety and dismiss each and all of the claims therein, (3) award Defendant its costs and attorneys' fees incurred in its defense; and (4) grant such other and further relief as the Court deems just and equitable.

Dated:  May 21, 2026

**THE ROSNER LAW GROUP LLC**

*/s/ Chan Dong*
Frederick B. Rosner (DE #3995)
Chan (Cora) Dong (DE #7393)
824 Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
dong@teamrosner.com


*Counsel to Defendant*

7

4923-4479-9142, v. 2